IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAWN W. TOUPS                                                                           PLAINTIFF

v.                                          CIVIL NO. 23-cv-5006

ANDREW SAUL, Commissioner                                                      DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Shawn W. Toups, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff protectively filed his applications for DIB and SSI on April 23, 2018. (Tr. 10). In his applications, Plaintiff alleged disability beginning on June 15, 2019, due to: degenerative disc disease, a history of three fractures of his back, pain in his back, depression, anxiety, and sleep apnea. (Tr. 17, 289). An administrative hearing was held on September 15, 2021, via telephone, at which Plaintiff appeared with counsel and testified. (Tr. 17, 39–76).

On October 26, 2021, the ALJ issued an unfavorable decision. (Tr. 14–29). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: chronic lower back pain syndrome, degenerative disc disease of the lumbar spine,

1

thoracic disc disease, cervical spine impairment, depressive disorder, and anxiety disorder. (Tr. 20). The ALJ found Plaintiff suffered from the medically determinable but nonsevere impairments of sleep apnea, elevated body weight, bilateral sensorineural hearing loss, and tinnitus. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20–22). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with additional limitations. He is limited to jobs with simple tasks and no complex or detailed job instructions. The job tasks should be learned and performed by rote, with few variables, and little judgment. Interpersonal contact should be simple, direct, and concrete.
> (Tr. 22–27).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of small products assembler, electronics worker, and hand packager. (Tr. 27–28). The ALJ found Plaintiff was not disabled from June 15, 2019, through the date of his decision. (Tr. 29). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on November 4, 2022. (Tr. 2–6). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs. (ECF Nos. 10, 12). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than

a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents the claimant from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises the following on appeal: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at Step Two; and 3) whether the ALJ erred in his RFC determination. (ECF No. 10).

After review, of particular concern to the undersigned is the ALJ's failure to include any hearing related limitations in the RFC, to discuss the impact of any hearing impairments on Plaintiff's RFC, or toorder further testing to clarify the impact of Plaintiff's hearing impairments on his RFC. The Court finds remand is necessary to allow the ALJ to clarify his RFC findings and procure further evidence from a VE regarding whether there are any jobs Plaintiff would be able to perform.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to

consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ considered Plaintiff's diagnosed moderate to severe bilateral sensorineural hearing loss and tinnitus impairments at step two, but did not consider his hearing impairments in the RFC assessment and imposed no corresponding restrictions in the RFC findings. (Tr. 20–27).

Plaintiff was seen by APRN Tiffany Stewart on June 30, 2021, and reported he had been to a free hearing clinic where he was told he needed to see an audiologist; Plaintiff asked for a referral. (Tr. 832). Plaintiff was seen by Dr. Stephen Cashman on August 16, 2021, with complaints of ringing noises in both ears for the past two years which were worsening. (Tr. 1173). While a physical examination of his external ears was normal, audiological testing showed sensorineural hearing loss that was moderate in the right ear and moderate to severe in the left ear. (Tr. 1174). Dr. Cashman recommended Plaintiff have hearing aids for both ears. (Tr. 1176). At the administrative hearing, Plaintiff testified as to difficulties with hearing people and had difficulties hearing the ALJ during the telephonic hearing. (Tr. 45). While the ALJ did consider Plaintiff's hearing deficits at step two, he found the impairment to be nonsevere as earlier records did not include clinical signs of significant problems with hearing or communication and the physical examination of the external ears was normal. (Tr. 20). Unfortunately, the ALJ did not consider what impact Plaintiff's hearing impairments would have upon his RFC. (Tr. 22–27). The only physical opinion evidence that the ALJ considered were the state agency consultant's opinions which were offered in April of 2020 and September of 2020, before Plaintiff's diagnosis with hearing impairments. (Tr. 26, 124, 144). The ALJ erred in failing to properly develop the record regarding Plaintiff's hearing impairments and in failing to consider the impact of Plaintiff's

5

hearing impairments on his RFC. Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

Of further concern is the ALJ's treatment of the opinion evidence regarding postural limitations. While there were no opinions from treating or examining physicians, the ALJ did have the opinions of two state agency consultants. They both opined that Plaintiff would have postural limitations, specifically that he would be limited to occasional stooping and crouching, and occasional climbing of ladders, ropes, or scaffolds. (Tr. 124, 144). While the ALJ cites some findings that showed normal neurological findings, occasional negative straight leg testing, and records that showed normal gait, at other points in the opinion the ALJ notes medical findings of positive straight leg raise testing, diminished strength in the lower right extremity, and antalgic gait. (Tr. 24). While an ALJ is free to discount opinion evidence when it is inconsistent with the record as a whole, an ALJ must also avoid substituting his opinion for those of the physician. *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990).

On remand, the ALJ is directed to clarify his RFC findings, specifically addressing Plaintiff's hearing impairments and postural limitations. The ALJ is directed to address interrogatories to a qualified doctors requesting that said physicians review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence,

the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.  Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 30th day of October 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE