**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**SHAWN W. TOUPS**                                                                        **PLAINTIFF**

**V.**                                        **CASE NO. 5:23-CV-5006**

**COMMISSIONER,**
**Social Security Administration**                                                **DEFENDANT**

**OPINION AND ORDER**

Before the Court is the Report and Recommendation ("R&R") (Doc. 14) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff Shawn W. Toups's request for judicial review of the decision to deny his claim for supplemental security income benefits under the provisions of Title XVI of the Social Security Act. The Administrative Law Judge ("ALJ") who reviewed Mr. Toups's case on administrative appeal determined that he was capable of performing light work with limitations and was not disabled. Mr. Toups appealed that decision to this Court.

The Magistrate Judge recommends reversing the ALJ's decision and remanding the case. She suggests that on remand the ALJ do the following: (1) clarify the findings as to Mr. Toups's Residual Functional Capacity ("RFC"), specifically addressing his hearing impairments and postural limitations; (2) address interrogatories to qualified doctors requesting that they review all of his medical records, complete an RFC assessment regarding his capabilities during the time period in question, and provide the objective basis for the assessment so that an informed decision can be made regarding his ability to perform basic work activities on a sustained basis; (3) order a consultative examination in which the examiner is asked to review the medical evidence of record,

perform examinations and appropriate testing needed to properly diagnose Mr. Toups's condition(s), and medically assess his ability to perform work-related activities; and (4) re-evaluate his RFC in conjunction with the advice of a vocational expert.

On November 16, 2023, the Commissioner filed Objections to the R&R (Doc. 17). The Commissioner does not object to the R&R's conclusion that the RFC is not supported by substantial evidence, nor does the Commissioner object to remanding the case to further develop the record. Instead, the Commissioner's objection goes to the *specificity* of the R&R's instructions on remand. The Commissioner is concerned that those instructions may improperly restrict the ALJ's discretion to develop the record. For example:

> [T]he ALJ may decide he or she wants to request a medical expert to review the file regarding Plaintiff's hearing limitations but then send Plaintiff to a consultative examination for an evaluation of postural limitations. The ALJ may also further develop the record on remand and obtain additional evidence that ultimately makes a medical opinion unnecessary. Notably, as the Commissioner explained in her Brief, Plaintiff's counsel made no explicit request for a consultative examination or for additional testing during the hearing. A blanket directive that requires the ALJ to issue interrogatories on remand impedes the ALJ's discretion to determine how best to develop the record. For this reason, the Commissioner respectfully requests the Court decline to order the ALJ to issue interrogatories on remand.

(Doc. 17, p. 4).

The Court agrees with the Commissioner that it is up to the ALJ to fully and fairly develop the record. *See Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004) ("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."); *Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("Failing to develop the record is reversible error when it

does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work." (citing *Cox v. Apfel*, 160 F.3d 120, 120910 (8th Cir. 1998))). The Commissioner's objection is sustained to the extent that the ALJ is not *required* to address interrogatories to consulting physicians if he or she deems that step unnecessary. Instead, the Court will leave to the ALJ's discretion how best to clarify the findings regarding Mr. Toups's RFC, focusing particularly on his documented hearing impairments and postural limitations. With that said, however, the ALJ bears the responsibility to develop the record fairly and fully and may be well advised to follow the steps recommended by the Magistrate Judge, including directing interrogatories to qualified physicians, asking them to complete new RFC assessments, ordering consultative physical examinations, and directing pertinent questions to a vocational expert if new work-based limitations are revealed.

Accordingly, **IT IS ORDERED** that the Commissioner's Objections (Doc. 17) are **SUSTAINED** to the extent described above. The Magistrate Judge's R&R (Doc. 14) is otherwise **ADOPTED IN FULL**, and the decision of the ALJ is **REVERSED AND REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 22nd day of March,  2024.

 

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3